Lewis G. Knowles, Appellant, *against* Clara C. Toone, Respondent.

(Decided February 6th, 1882.)

Where a promissory note is indorsed by a married woman, no intention to charge her separate estate thereby being expressed in the indorsement or in any contract made simultaneously therewith, statements subsequently made by her in writing, that if the note is not paid by the maker, she considers it incumbent on her to pay the same, and her private estate bound therefor, although made to a purchaser of the note before the purchase thereof by him, can not operate to bind her separate estate.

Appeal from a judgment of this court entered on the report of a referee.

The facts are stated in the opinion.

*P. & D. Mitchell,* for appellant.

*George H. Yeaman,* for respondent.

VAN BRUNT, P. J.—This was an action brought upon a promissory note dated April 22nd, 1875, for $1,100, payable in six months, made by Laura V. Toone to Clara C. Toone, and indorsed by her and William C. Toone, who brought it to the plaintiff and tried to sell it. The plaintiff, before purchasing the note and parting with his money, wrote out the following questions and sent them to the defendant with the request that they should be answered ; who did answer them in her own handwriting as hereinafter indicated and sent them back to the plaintiff :—

"1st. Is the note made by Laura V. Toone in favor of yourself and indorsed by you, and now in William C. Toone's possession, his property to dispose of, and *bona fide ?*

"A. Yes.

"2nd. If the same is not paid by the drawer, do you consider it incumbent on yourself to pay the same, and private estate bound therefor?

"A. I do.

"Where is your real estate owned in your name situated?

"A. Saratoga Springs.

"What is its value, less all incumbrances and debts you owe?

"Five thousand dollars."

And then follows a declaration in the following language:—

"I, Clara C. Toone, subscribe to the above answers of my own free will and accord."

The complaint declares the fact to be that the defendant was a married woman, and the judgment in the case was founded upon this fact—the referee to whom the case was referred finding, that being a married woman the defendant did not by the indorsement bind her separate estate—the indorsement being made entirely for the benefit of a third party.

The only ground upon which it is sought to secure a recovery against the defendant is because of the answers to the questions which were propounded to her by the plaintiff before taking the note in suit.

The answers in question could not operate as an estoppel, because, if the intention to charge the separate estate must be

Knowles *v.* Toone.

expressed in the contract of indorsement or a contract made simultaneously therewith, the failure to secure such a charge in writing cannot be cured by any subsequent representation.

The answers to the questions could not operate by way of an amplification of the contract of indorsement and by way of inserting therein the words suitable to make the indorsement a charge upon her separate estate, because the questions and answers were not intended for any such purpose, and did not contain any of the elements of a contract. The plaintiff had the note : he knew precisely what the contract of indorsement was : he knew or ought to have known that the plaintiff being a married woman, by the indorsement in the way in which it was made had not incurred any liability ; and yet he asks her what she considers the law upon the subject is, and she expresses an opinion which is utterly at variance with the law as expounded by the courts of this state, and that is the whole purport of the question and answer in which the binding of the ·respondent's private estate is spoken of.

Under these circumstances there seems to have been an entire failure to comply with the provisions of law in reference to those particulars which are necessary to be observed, when it is sought by an indorsement of a promissory note to charge a married woman's separate estate.

The judgment must be affirmed, with costs.

BEACH, J., concurred.

Judgment affirmed, with costs.